# UNITED STATES DISTRICT COURT

## FOR THE

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD O'ROURKE** | § | **CIVIL ACTION NO:** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **FCA US LLC** | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1. Plaintiff, **DONALD O'ROURKE,** is an individual and citizen of the State of Louisiana.

2. Defendant, **FCA US LLC**, hereinafter "DODGE," is a foreign company incorporated and/or headquartered in the State of Delaware and whose agent for service of process in the State of Louisiana is CT Corporation Systems1, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

### II. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiff is a citizen of the State of Louisiana and the Defendant is a citizen of the State of Delaware and, therefore, the Parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  The amount in controversy includes Plaintiff's claims for damages including a complete rescission of the sale of the subject vehicle which includes the original purchase price, all collateral costs at the time of the sale, any and all finance

charges, insurance premiums, maintenance costs, repair costs, damages for loss of use, lost wages, non-pecuniary damages, no credit for use by the Defendant under Louisiana law, plus all applicable penalties and attorney fees allowed by La. Civil Code Articles 2520, et seq.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

5. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

6. All conditions precedents have been performed or have occurred.

### V.  Facts

#### A.  The Transaction

7. On January 22, 2016, Plaintiffs purchased a new DODGE RAM 1500 VIN 1C6RR6NM8GS208306, hereinafter "RAM 1500," from.  The RAM 1500 was purchased primarily for Plaintiff's personal use.  The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

8. The sales price of the RAM 1500 was $53,230.69.  Plaintiff seeks additional damages in the amount of $4,508.00 for the 49 days loss of use of the RAM 1500 calculated at $92.00 daily rental value multiplied by 49 days.  Plaintiff seeks additional non-pecuniary

damages in the amount of $15,000.00. Plaintiff seeks total damages in excess of $72,738.69, not including attorney fees, legal interest, and costs.

### B. Implied Warranties

9. As a result of the sale of the RAM 1500 by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the RAM 1500 would pass without objection in the trade under the contract description; and that the RAM 1500 was fit for the ordinary purpose for which such recreational vehicles are purchased.

10. Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C. Express Warranties

11. In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the RAM 1500 occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the RAM 1500 had, in fact, repaired the defects.

12. Plaintiff's purchase of the RAM 1500 was accompanied by express warranties offered by Defendant, DODGE, and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the RAM 1500.

13. The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments,

including parts and labor, were to be made at no charge. Additional warranties were set forth in the RAM 1500's warranty booklet and owner's manual.

### D. Actionable Conduct

14. In fact, when delivered, the RAM 1500 was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to: ENGINE VALVE DEFECTS; CRANK CASE DEFECTS; COOLING SYSTEM DEFECTS; AND GLOW PLUG DEFECTS.

15. Since purchase, Plaintiff has returned his RAM 1500 to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant was given the opportunity to repair the RAM 1500, the more significant and dangerous conditions were not repaired. Defendant, indirectly or directly through its authorized warranty service dealers, failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the RAM 1500 continues to this day to exhibit some or all of the non-conformities described herein.

16. The defects experienced by Plaintiff with the RAM 1500 substantially impaired its use, value and safety.

17. Plaintiff notified Defendant, indirectly or directly through its authorized warranty service dealers, of the defective conditions of the RAM 1500 on numerous occasions and that he wanted a rescission of the sale of the RAM 1500 but Defendant has failed and refused to buy back Plaintiff's defective RAM 1500.

**COUNT 1: VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS**

18. Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

19. The RAM 1500 is a "thing" under La. Civil Code Articles 2520, et seq.

20. DODGE is the "final assembler or manufacturer" under La. Civil Code Articles 2520, et seq.

21. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

22. The defects described in the RAM 1500 vehicle meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

23. Plaintiff has provided the Defendant, indirectly or directly through its authorized warranty service dealers, sufficient opportunity to repair their defective vehicle.

24. Plaintiff has performed each and every duty required of them under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

25. The hidden defects in the RAM 1500 existed at the time of sale, but were not discovered until after delivery. The RAM 1500 is not usable and neither Plaintiff nor a reasonable prudent buyer would have purchased the RAM 1500 had they known of the defects prior to the sale.

26. Furthermore, Defendant, indirectly or directly through its authorized warranty service dealers, failed to perform the repair work in a good and workmanlike manner. This conduct by Defendant, indirectly or directly through its authorized warranty service dealers, constitutes a breach of the implied warranties under Louisiana law, and entitles Plaintiff to a

rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, and out-of-pocket expenses.

27. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton, L.L.C. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 2: BREACH OF EXPRESS WARRANTIES**

28. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

29. The Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiff's RAM 1500 or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant issued an expressed written warranty which covered the RAM 1500 and warranted that the RAM 1500 was free of defects in materials and work quality at the time of delivery.

30. As alleged above, the Defendant, indirectly or directly through its authorized warranty service dealers, breached its warranties by offering for sale, and selling as safe to Plaintiff, an RAM 1500 that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

31. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

32. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## VI. Damages

33. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff.

34. Plaintiff's damages include rescission of the sale including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, damages, together with applicable penalties and attorney fees allowed by law, and with legal interest upon the entire sums awarded from the date of judicial demand, until paid, and for all costs of these proceedings.

35. The damages Plaintiff has suffered as a direct and proximate result of Defendant's actions exceed $75,000.00.

## VII. Request for Rescission

36. Plaintiff seeks the remedy of rescission of the sales contract.

37. Plaintiff revokes his acceptance of the RAM 1500 for the reason that its defects substantially impair its use, value, and safety to Plaintiff and the acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of the Defendant that the defects in the RAM 1500 would be repaired, and no reasonable prudent buyer would have purchased the RAM 1500 with knowledge of these defects prior to the sale. Accordingly, Plaintiff seeks a cancellation of the sales contract and an order of the court restoring to them the money obtained by Defendant as a result of the false representations and breaches of express and

implied warranties as set forth above. Plaintiff also seeks cancellation of the debt and offers to return the RAM 1500 to the Defendant.

### VIII. Attorney Fees and Costs

38. Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton, L.L.C. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

### IX. Prayer for Relief

39. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2016 DODGE RAM 1500 AND 1C6RR6NM8GS208306 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c. For incidental, consequential, and non-pecuniary damages according to proof at trial;

    d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

    e. Any diminution in value of the RAM 1500 attributable to the defects;

    f. Past and future economic losses;

    g. No credit of use for the Defendant;

    h. Prejudgment and post-judgment interest;

    I. Attorney fees;

j. Costs of suit, expert fees and litigation expenses; and

k. All other relief this Honorable Court deems appropriate.

### X. Demand for Jury Trial

40. Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rick@rickdaltonlaw.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFF